UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAID ELMAJZOUB, | Case No.: 3:19-cv-00196-MMD-WGC |
| Plaintiff | **ORDER** |
| v. | Re: ECF Nos. 36, 36-2 |
| SCOTT DAVIS, et. al., | |
| Defendants | |

Before the court is Plaintiff's Motion for Leave to Amend Pro Se Complaint and proposed first amended complaint (FAC). (ECF Nos. 36, 36-2.) Plaintiff was pro se when he filed his original complaint asserting violations of the First and Fourteenth Amendments, as well as the Religious and Institutionalized Persons Act (RLUIPA), alleging that he is Muslim and Defendants did not allow him to practice his weekly congregational Jumu'ah prayers in accordance with his religious beliefs. Plaintiff is now represented by counsel, and seeks to file an amended complaint that clarifies the parameters of Plaintiff's claims and adds the appropriate defendants now that Plaintiff has the benefit of counsel. Defendants did not file a response. Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion (other than a motion for summary judgment) constitutes a consent to granting the motion. Therefore, Plaintiff's motion for leave to amend will be granted.

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or

dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The proposed FAC names the following Defendants: NDOC Director Charles Daniels (official capacity only), NDOC Deputy Director of Programs Harold Wickham (official capacity only), former NDOC Deputy Director Programs Kim Tobias Thomas (individual capacity only), Lovelock Correctional Center (LCC) Warden Tim Garett (official capacity only), former LCC Warden Renee Baker (individual capacity only), former LCC Associate Warden Tara Carpenter (individual capacity only), LCC Chaplain Scott Davis (individual and official capacities), LCC Caseworker Marc LaFleur (individual capacity only).

The court has reviewed Plaintiff's proposed FAC, and determines that Plaintiff states colorable claims for violations of RLUIPA (against official capacity Defendants), the First Amendment's Free Exercise Clause (all Defendants), the Fourteenth Amendment's Equal Protection Clause (all Defendants), the First Amendment's Establishment Clause (all Defendants), and Article 1, Section 4 of the Nevada Constitution (all Defendants).

**CONCLUSION**

(1) Plaintiff's motion for leave to amend (ECF No. 36) is **GRANTED,** and Plaintiff may **PROCEED** with the claims and Defendants in the FAC (ECF No. 36-2);

(2) The Clerk shall **FILE** the FAC (ECF No. 36-2);

(3) Within **14 days** of the date of this Order, the Attorney General's Office shall file a notice indicating whether it will accept service of the FAC for new defendants Charles Daniels, Harold Wickham, and Tim Garett. If the Attorney General's Office cannot accept service for any of these new defendants, it shall file their last known addresses under seal, so Plaintiff's counsel can attempt to effectuate service. Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service of the FAC must be completed within **90 days** of the date of this Order.

(4) Within **21 days** of the date of this Order, any Defendant who has been served and/or appeared in this action shall file a responsive pleading to the FAC.

Dated: April 19, 2021

_____
William G. Cobb
United States Magistrate Judge