UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAID ELMAJZOUB, | Case No. 3:19-cv-00196-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| SCOTT DAVIS, *et al.*, | |
| Defendants. | |

Plaintiff Said Elmajzoub, who is represented by counsel, brings this action against Defendants Scott Davis, Marc LaFleur, Tara Carpenter, Renee Baker, Kim Tobias Thomas, Charles Daniels, Harold Wickham, and Tim Garrett under 42 U.S.C. § 1983. (ECF No. 41.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 72), recommending the Court grant in part Plaintiff's motion for summary judgment (ECF No. 61), deny Defendants' motion for summary judgment[1] (ECF No. 60), and order supplemental briefing on whether Plaintiff has received the requested injunctive relief for his Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim. Objections to the R&R were due May 27, 2022. To date, neither party has objected to the R&R. For this reason, and as explained below, the Court adopts the R&R in full, and will grant in part Plaintiff's motion, deny Defendants' motion, and order supplemental briefing.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to

---

[1] The motion for summary judgment was only brought by Defendants Renee Baker, Tara Carpenter, Scott Davis, Marc LaFleur, and Kim Thomas. (ECF No. 60 at 1 (hereafter, "Defendants").) Defendants and Plaintiff filed responses and replies to the motions for summary judgment. (ECF Nos. 66, 67, 70, 71.)

1  conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there were no objections, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. First, Judge Denney correctly found that the Court should grant summary judgment in Plaintiff's favor for his RLUIPA claim. (ECF No. 72 at 21.) There is no dispute that Plaintiff had a sincerely held belief that he must perform Jumu'ah prayer services during early Friday afternoons; that Defendants substantially burdened Plaintiff's exercise of his religion by preventing him from conducting Jumu'ah during the requested timeframe; and that even if Defendants had compelling safety and security interests for the prohibition, those interests were not achieved by the least restrictive means, particularly given the feasible alternatives. (*Id*. at 11, 17-19.) See 42 U.S.C. § 2000cc-1(a); *Johnson v. Baker*, 23 F.4th 1209, 1215 (9th Cir. 2022); *Holt v. Hobbs*, 574 U.S. 352, 362 (2015); *Hartmann v. Cal. Dep't of Corr.*, 707 F.3d 1114, 1125 (9th Cir. 2013). Moreover, Judge Denney noted that similar NDOC facilities were able to accommodate inmates for Friday Jumu'ah services in the early afternoon. (*Id*. at 20-21.) *See Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008). Plaintiff is therefore entitled to summary judgment on his RLUIPA claim.

Second, Judge Denney properly found that Plaintiff and Defendants' motions should be denied as to the First Amendment Free Exercise claim because both parties failed to address the reasonableness factors under *Turner v. Safley* in their motions. (*Id*. at 23.) *See* 482 U.S. 78, 89-91 (1987). The Court will similarly deny the motions as to the Equal Protection claim, since the parties failed to address the *Turner* factors in their motions, as well as to Plaintiff's Nevada Constitution claim since neither party addresses

1  this claim. (*Id*. at 26.) *See id*.; *Shakur*, 514 F.3d at 891. Plaintiff and Defendants' motions
2  are also denied as to the Establishment Clause claim because Defendants failed to
3  address the claim in their motion, and a question of fact remains as to whether
4  Defendants' actions and policies evince a preference or endorsement of one religion over
5  another. (*Id*. at 24-25.) *See Hartmann*, 707 F.3d at 1125.

6  Third, Judge Denney properly found that Defendants are not entitled to qualified
7  immunity because a reasonable factfinder could conclude that Defendants' conduct
8  violated Plaintiff's clearly established constitutional rights. (*Id*. at 27-28.) *See Gordon v.*
9  *Cnty. of Orange*, 6 F.4th 961, 967-68 (9th Cir. 2021).

10 Finally, the Court adopts Judge Denney's recommendation that further briefing is
11 required to determine whether Plaintiff has received the requested injunctive relief for his
12 RLUIPA claim.[2] In their motion, Defendants maintain that Jumu'ah services were
13 reinstated in August 2020, as part of a settlement for another case, and now take place
14 on Fridays from 12:30-1:45 p.m. (ECF No. 60 at 5.) However, Plaintiff contends that those
15 services were terminated again in October 2020 due to "recurring spikes of positive
16 COVID-19 cases." (ECF Nos. 41 at 18, 61 at 13, 67 at 6.) Thus, it is unclear whether
17 Friday early afternoon Jumu'ah services have been restored and are currently ongoing at
18 Lovelock Correctional Center ("LCC").

19 It is therefore ordered that Judge Denney's Report and Recommendation (ECF
20 No. 72) is accepted and adopted in full.

21 It is further ordered that Plaintiff's motion for summary judgment (ECF No. 61) is
22 granted in part as to his RLUIPA claim.

23 It is further ordered that Plaintiff's motion (ECF No. 61) is denied in part as to his
24 claims under the First Amendment Free Exercise and Establishment Clauses, the Equal
25 Protection Clause, and Article 1, Section 4 of the Nevada Constitution.

26 ///

---

[2] Under RLUIPA, Plaintiff may only sue Defendants in their official capacities for injunctive relief and may not recover monetary damages. *See Jones v. Slade*, 23 F.4th 1124, 1140 n.4 (9th Cir. 2022).

It is further ordered that Defendants' motion for summary judgment (ECF No. 60) is denied.

It is further ordered that additional briefing is necessary to determine whether Plaintiff has received the requested injunctive relief for his RLUIPA claim. Defendants are directed to file a status report within 14 days from the date of this order regarding whether Jumu'ah services have been reinstated at LCC during early Friday afternoons. Plaintiff may file a response within 14 days of the date the report is filed.

DATED THIS 14th Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE