CAIR LEGAL DEFENSE FUND
LENA F. MASRI (20251)
lmasri@cair.com
GADEIR I. ABBAS (20257)*
gabbas@cair.com
JUSTIN SADOWSKY (20128)
jsadowsky@cair.com
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 488-8787

ALLEN LICHTENSTEIN (NV 3992)
allaw@lvcoxmail.com
3315 Russell Road, No. 222
Las Vegas, NV 89120
Phone: (702) 433-2666

*Gadeir Abbas is admitted in VA;
practice is limited to federal matters.

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

**SAID ELMAJZOUB**,

        Plaintiff,

-vs-

**SCOTT DAVIS,** *et al,,*

        Defendant(s).

Case No. 3:19-cv-00196-MMD-WGC

**PROPOSED INJUNCTIVE RELIEF**

Two years ago, Lovelock entered into a temporary settlement in another case, *Shaw v. Davis*, to provide Jumu'ah services at Lovelock. The *Shaw* settlement states that "Beginning August 1, 2020, the LCC Representative shall schedule a weekly Jumu'ah service on Fridays at 12:30pm-1:45pm." Dkt. 61-13 at ¶ 4b. That temporary settlement agreement was entered into in July 2020—in the middle of the Covid-19 pandemic—and has no limitations on the number of Muslims permitted to attend the service. Lovelock stopped complying with the Settlement after only a few weeks.

Consistent with what Lovelock agreed to in *Shaw*, Elmajzoub seeks to congregate with other Muslims at Lovelock for the Friday afternoon prayer his faith requires. There are, from his understanding, less than 50 Muslims at Lovelock. Additionally, during the Friday services that took place at Lovelock, Defendants allowed a few individuals interested in Islam to observe the service.

There is no legitimate interest—and the time for Lovelock providing one has passed in any event—for Lovelock to not allow all Muslims and others interested in Islam to attend Jumu'ah prayer. To make this happen, Lovelock would have to allow all cell blocks access to the weekly Friday congregational prayer.

Lovelock and this Court have both suggested that there might be capacity constraints. Elmajzoub estimates that the chapel has 1500-2000 square feet. The fire code lists a capacity of 150. Counsel for Elmajzoub has asked counsel for Lovelock as to the specific square footage of the chapel as well as to the number of Christians who are allowed to congregate for their weekly services, but counsel for Lovelock has received no response from his client. Elmajzoub's own understanding is there is no limitation on the number of Christians allowed to congregate for Sunday services.

Counsel for Elmajzoub has also sought to engage counsel for Lovelock as required by the Court. This included a phone call the day of the last hearing, a phone call on

Monday, August 22, and several emails sent to counsel for Lovelock. *See* Exhibit A (emails between counsel). Counsel for Lovelock appears willing to negotiate but has been unable to get any cooperation from his clients. When counsel spoke to each other on August 22, Counsel for Lovelock indicated that his client was being "nonresponsive"[1] and suggested Elmajzoub file its request for an injunction, which might prompt his client to act. to .

So other than suggesting that Lovelock might attempt to moot the case (and Lovelock's own obligations under RLUIPA) by moving Elmajzoub—a move Elmajzoub opposes—counsel has not provided any parameters or possible limitations on the injunction in this case. Nor has Lovelock provided any grounds for why an injunction should have any limits.

Given the lack of either a proposal or any grounds for limiting an injunction from Lovelock, Elmajzoub suggests this Court enter in the following permanent injunction:

- Beginning immediately, Lovelock shall schedule a weekly Jumu'ah service on Fridays at 12:30pm-1:45pm.
- All individuals who are Muslim or who are interested in Islam shall be permitted to attend, unless circumstances particular to individual incarcerees (such as being placed in solitary confinement) make attendance impossible.
- Subject to supervision, the Muslim community shall be permitted to perform their Jumu'ah prayer in congregation just as they were allowed to under the *Shaw* agreement.
- Lovelock may limit, if it chooses to, the number of people who may attend Jumu'ah prayer to no more than ***100 individuals*** in light of the capacity of Lovelock's chapel.

---

[1] Counsel for Lovelock was, in all respects, professional and apologetic, and counsel for Plaintiff does not suggest that Lovelock's counsel, as opposed to Lovelock itself, acted inappropriately in any way.

100 individuals is entirely reasonable in light of the 150 person capacity limits of the chapel, the lack of any limits on the number of people permitted to attend Christian services, the fact that Lovelock agreed to schedule Friday Jummah without regard to any capacity limits back in 2020, and Lovelock's inability to make any showing of a limit being the least restrictive means of any compelling government interest either at the Summary Judgment stage or now. *See Ramirez v. Collier*, 142 S. Ct. 1264, 1281 (2022) ("Once a plaintiff has made out his initial case under RLUIPA, it is the government that must show its policy is the least restrictive means of furthering a compelling governmental interest") (cleaned up) (quoting RLUIPA).

Respectfully Submitted,

    CAIR LEGAL DEFENSE FUND
    BY: **/s/ Lena Masri**
    LENA F. MASRI (20251)
    lmasri@cair.com
    GADEIR I. ABBAS (20257)
    gabbas@cair.com
    JUSTIN SADOWSKY (20128)
    jsadowsky@cair.com
    453 New Jersey Ave, SE
    Washington, DC 20003
    Phone: (202) 488-8787

    ALLEN LICHTENSTEIN
    allaw@lvcoxmail.com
    3315 Russell Road, No. 222
    Las Vegas, NV 89120

    *Attorneys for Plaintiff*

Dated: August 23, 2022