# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SAID ELMAJZOUB,

    Plaintiff

v.

SCOTT DAVIS, et al.,

    Defendants

Case No.: 3:19-cv-00196-MMD-CSD

**Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 79

    This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), housed at Lovelock Correctional Center (LCC). As is relevant here, Plaintiff claims that Defendants have denied his sincerely held religious belief of participating in the weekly congregational prayer of Jumu'ah at its prescribed time (early in the afternoon on Fridays) in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). On May 13, 2022, the undersigned recommended that Plaintiff's motion for summary judgment be granted, and Defendants' motion for summary judgment be denied as to Plaintiff's claim under RLUIPA, and if that recommendation was adopted, that the court require further briefing on whether Plaintiff had received the injunctive relief he sought or whether that request was moot. (ECF No. 72.)

    Chief District Judge Du adopted the report and recommendation and ordered Defendants to file a status report regarding whether Jumu'ah services have been reinstated at LCC during early Friday afternoons, and permitted Plaintiff to file a response. (ECF No. 73.)

1	Defendants filed a status report stating that Jumu'ah services had not been rescheduled;
2 however, Muslim inmates currently have access to the chapel at LCC anytime on Fridays, and no
3 other services are scheduled that day. They also state that due to understaffing, the warden is not
4 allowing all housing units to congregate at the same time, so there is a divided schedule and there
5 are four different housing groups using the chapel at different times on Fridays. (ECF No. 74.)
6	In response, Plaintiff states that for some events, there are commingling of groups such as
7 meals or the gym, and sometimes housing groups are temporarily combined when staffing is
8 particularly low. While there is a divided schedule and there are four different housing groups
9 using the chapel at different times on Fridays, those times stagger throughout the day so that
10 under the current arrangement, Plaintiff has access to the chapel just one Friday afternoon per
11 month, and even then, cannot pray with members of any other housing group. (ECF No. 75.)
12	District Judge Du referred the issue of injunctive relief to the undersigned to resolve.
13 (ECF No. 76.)
14	The court held a video status conference on August 9, 2022. Counsel advised that the
15 situation at the LCC chapel remained the same as was discussed in the status reports. The court
16 ordered the parties to meet and confer in an attempt to reach a stipulation on the injunctive relief
17 in this case, and file a stipulation on or before August 23, 2022. Alternatively, if the parties could
18 not reach an agreement, the court directed Plaintiff to file a brief with his proposed injunctive
19 relief, and gave Defendants an opportunity to file a response, and Plaintiff a reply. (ECF No. 78.)
20	The parties were unable to come to an agreement, and filed their respective briefs. (ECF
21 Nos. 79, 79-1, 80, 81.) Defendants maintain that due to staffing shortages there is no way to
22 accommodate the congregational Jumu'ah prayer at LCC on early Friday afternoons, and there
23 are no alternatives.

     Defendants do not support their position about staffing shortages with any specific information. Nor do they address the number of Muslim inmates at LCC (Plaintiff represents it is under 50), the number that would like to participate in Jumu'ah, the housing units they are in, why they might not be moved to the same housing unit so they can participate in Jumu'ah early Friday afternoons, or why they could not otherwise be granted permission to utilize the chapel at the same time early Friday afternoons, particularly when Plaintiff represents that the chapel is not staffed by correctional guards but by the chaplain (or previously even by an inmate clerk).

     In sum, Defendants have once again failed to demonstrate that this is the least restrictive means of furthering a compelling government interest. Therefore, the court recommends entering a permanent injunction.

## RECOMMENDATION

     IT IS HEREBY RECOMMENDED that the District Judge enter an order a permanent injunction as follows: Defendants shall schedule weekly Jumu'ah services at LCC on Fridays from 12:30 p.m. to 1:45 p.m., and all Muslim inmates at LCC are permitted to attend in congregation unless circumstances particular to an individual inmate or makes attendance impossible (*i.e.*, the inmate is in disciplinary segregation, the inmate is precluded from moving due to medical reasons, or the entire housing unit, cell block, or facility is placed on lockdown).

     The parties should be aware of the following:

     1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 4, 2022

_____
Craig S. Denney
United States Magistrate Judge