1
2
3                     UNITED STATES DISTRICT COURT
4                          DISTRICT OF NEVADA
5                                 * * *
6    SAID ELMAJZOUB,                          Case No. 3:19-cv-00196-MMD-CSD
7                              Plaintiff,      MODIFIED PERMANENT INJUNCTION
8          v.                                              ORDER
     SCOTT DAVIS, *et al.*,
9
                             Defendants.
10
11          In light of the December 2, 2022, order to show cause hearing (ECF No. 108), the

12   Court has modified its prior permanent injunction (ECF No. 91) to reflect the current

13   conditions at Lovelock Correctional Center ("LCC"), and has fashioned a revised order

14   that is narrowly drawn and the least intrusive means of correcting the RLUIPA violation.[1]

15   *See* 18 U.S.C. § 3626(a)(1)(A).

16          Given LCC's significant staffing shortages, the Court will impose a limit on the

17   number of inmates that may attend Friday afternoon Jumu'ah services every week,

18   provide exceptions for emergency situations and for inmates whose circumstances make

19   attendance impossible, and will not require LCC to hold Jumu'ah for Level 2 and Level 3

20   inmates at the Chapel.

21   ///

22   ///

23
24          [1]18 U.S.C. § 3626(a)(1)(A) provides that "[p]rospective relief in any civil action with
     respect to prison conditions shall extend no further than necessary to correct the violation
25   of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve
     any prospective relief unless the court finds that such relief is narrowly drawn, extends no
26   further than necessary to correct the violation of the Federal right, and is the least intrusive
     means necessary to correct the violation of the Federal right. The court shall give
27   substantial weight to any adverse impact on public safety or the operation of a criminal
     justice system caused by the relief."
28

It is therefore ordered that Defendants must schedule weekly Jumu'ah services at LCC on Fridays from 12:30 p.m. to 1:45 p.m. for *all* LCC Muslim inmates. Service for Level 1[2] Muslim inmates must be held at the Chapel. Service for Level 2 and Level 3 Muslim inmates must be held at the Chapel *or* at another location at LCC.

It is further ordered that Defendants must provide Muslim inmates with the necessary religious materials and supplies to prepare for and properly execute Jumu'ah ahead of every service.

It is further ordered that the total number of Muslim inmates who may attend weekly Friday afternoon Jumu'ah services is limited to 100 individuals.[3]

It is further ordered that all LCC Muslim inmates are allowed to attend Jumu'ah services *unless* there is an emergency or the circumstances of an individual inmate preclude them from attending (i.e., prison lockdowns, medical issues that prevent the inmate from moving, or the inmate is in disciplinary segregation).

DATED THIS 5th Day of December 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff Said Elmajzoub is a Level 1 inmate at LCC.

[3]Although Plaintiff represents that the number of Muslim inmates at LCC is around 50, the Court will cap the number at 100 due to anticipated fluctuations in the prison population. (ECF Nos. 85-1, 89.)