FRANK A. TODDRE, II
Nevada Bar No. 11474
Frank.Toddre@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendants Renee Baker,
Tara Carpenter, Scott Davis, Marc La Fleur,
and Kim Thomas*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAID ELMAJZOUB, | Case No. 3:19-cv-00196-MMD-CSD |
| Plaintiff, | **STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE** |
| v. | |
| SCOTT DAVIS, et al., | |
| Defendants. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

137958982.1                                   Case No. 3:19-cv-00196-MMD-CSD

IT IS HEREBY STIPULATED and AGREED between Plaintiff Said Elmajzoub ("Plaintiff"), by and through his counsel, CAIR Legal Defense Fund, Gadeir I. Abbas, Lena F. Masri, Justin Sadowsky, and Allen Lichtenstein, and Defendants Renee Baker, Tara Carpenter, Scott Davis, Marc La Fleur, And Kim Thomas (collectively "Defendants"), by and through their Associate Counsel, Frank Toddre II, Esq. and of the law firm Lewis, Brisbois, Bisgaard, and Smith LLP, that all of Plaintiff's claims and causes of action against Defendants in the above-entitled action shall be dismissed, with prejudice, each party to bear their own attorney's fees and costs. *See* Settlement Agreement, attached.

DATED: March 13th, 2024

By:*/s/ Justin Sadowsky*

Lena Masri
Gadeir I. Abbas
Justin Sadowsky
CAIR LEGAL DEFENSE FUND
453 New Jersey Ave., SE
Washington DC 20003

Allen Lichtenstein
3315 Russell Rd., No. 222
Las Vegas, NV 89120

*Attorneys for Plaintiff Said Elmajzoub*

DATED: March 13th, 2024

By:*/s/ Frank A. Toddre, II*

Frank A. Toddre, II
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

*Attorneys for Defendants Renee Baker, Tara Carpenter, Scott Davis, Marc La Fleur, and Kim Thomas*

## **ORDER**

IT IS SO ORDERED.

Dated this  18th  day of   March         , 2024.

_____
U.S. DISTRICT COURT JUDGE



137958982.1	2	Case No. 3:19-cv-00196-MMD-CSD

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE

THIS SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE ("Agreement") is made and entered into as of the date all parties have signed this Agreement, by and among the State of Nevada *ex rel.* NEVADA DEPARTMENT OF CORRECTIONS ("NDOC"), on behalf of itself and all of its officers, directors, employees, former employees, agents, predecessors, divisions, correctional facilities, including but not limited to Lovelock Correction Center ("LCC"), successors, administrators, and assigns, including, but not limited to Renee Baker, Tara Carpenter, Scott Davis, Marc La Fleur, and Kim Thomas, and any other persons currently or formerly named in the lawsuit, who are or were NDOC employees (collectively, the "NDOC"), and Plaintiff Said Elmajzoub in the lawsuit styed *Elmajzoub v. Scott Davis et al.*, Case No. 3:19-cv-00196-MMD-CSD ("Matter"), currently pending before the United States District Court for the District of Nevada ("Court"). Plaintiff, the NDOC, and individual Defendants may collectively be referred to herein as the "Parties" and each may be referred to individually as a "Party."

I.  RECITALS

   A.  Renee Baker, Tara Carpenter, Scott Davis, Marc La Fleur, and Kim Thomas are or were NDOC employees;

   B.  Elmajzoub is an inmate incarcerated within the NDOC system, at LCC;

   C.  Plaintiff and NDOC have agreed to resolve all claims raised in this Matter.

   D.  This Agreement disposes of the alleged violations of Plaintiff's First Amendment (Retaliation, Establishment Clause and Free Exercise Clause), Fourteenth Amendment (Equal Protection), 42 U.S.C. § 1985(3) (Conspiracy), and Religious Land Use and Institutionalized Persons Act (RLUIPA) alleged by Plaintiff, as well as any other claim that was or could have been brought by Plaintiff;

   E.  In reviewing the claims alleged in the Matter, the NDOC and all individually-named Defendants deny that the NDOC and its employees engaged in any culpable conduct. The NDOC's legal position was at all times, and remains, that none of Plaintiff's constitutional rights were violated, and that all actions undertaken by the individual Defendants herein were justified;

   F.  Plaintiff continues to believe that his constitutional and statutory rights were violated as a result of the actions of some or all of the Defendants in this Matter;

   G.  Without making any admission of liability on either part, and with there being no prevailing party in this case, Plaintiff and the NDOC have reached a settlement of their disputes and this Matter. This written Agreement memorializes the Settlement terms reached by and between Plaintiff and the NDOC;

   H.  The Parties' desire to fully and finally release and settle any claims or

137357388.1

Settlement Agreement In the Matter of
Said Elmajzoub v. Scott Davis, et al.
Case No. 3:19-cv-00196-MMD-CSD
Page 2 of 5

counterclaims, known or unknown, which were or could have been asserted in the Matter ~~as well as any other existing claims between them.~~

II.  SCOPE OF AGREEMENT

   A.  NDOC and Plaintiff have agreed to the following non-monetary terms:

   1.  The Permanent Injunction Order (ECF No. 91) issued in this Matter remains in force and effect. The NDOC agrees not to appeal the Permanent Injunction Order. The same Court shall retain jurisdiction if Plaintiff is to bring any enforcement action.

   2.  Any outstanding motions are stayed and/or vacated. This includes any hearing in which the Court had set oral arguments on Plaintiff's second Emergency Motion to Enforce Permanent Injunction (ECF No. 118) Defendants' Motion to Strike (ECF No. 127), and Plaintiff's Motion for Attorney's Fees. (ECF No. 132).

   B.  NDOC will pay Plaintiff the sum of $95,000.00 ("Settlement Amount") to be disbursed as further described in Paragraph E below. Because the Settlement Amount exceeds $500.00, the Settlement Amount will be paid in two installments. NDOC will pay the first $500.00 ~~by~~ TO Plaintiff by depositing it in Plaintiff's Trust II account, and the State of Nevada's Tort Fund will pay the remainder in disbursements as set forth in paragraph E below.

   C.  The scope of this Agreement covers ALL events of the disputes herein described, all persons described, and those events or occurrences complained of in the Complaint in the above-listed action, the Court's Screening Order and any other order of the District Court, and all subsequent pleadings or documents filed in the Matter.

   D.  In consideration of the Agreement above, the Plaintiff has signed a Stipulation to Dismiss the remaining claims and close the case at the same time as signing this Agreement. The Parties consider the Stipulation to Close part of this Agreement.

   1.  Unless otherwise noted, NDOC will comply with the terms set forth in paragraphs A–C of this Agreement regarding monetary payments within forty-five (45) days of this Agreement being signed. NDOC will remain under the obligations of the Permanent Injunction Order.

   2.  Notwithstanding NDOC's obligation to comply within forty-five (45) days of executing this Agreement, Plaintiff understands there could be

137357388.1

Settlement Agreement In the Matter of
Said Elmajzoub v. Scott Davis, et al.
Case No. 3:19-cv-00196-MMD-CSD
Page 3 of 5

unforeseen circumstances that could result in NDOC needing a brief extension of time to comply. Understanding this potential, Plaintiff agrees that if NDOC has not complied with the terms of this Agreement by the time set forth in paragraph B, Plaintiff will wait an additional seven (7) days before filing a Motion to Enforce this Agreement.

3. NDOC's counsel will file the signed Stipulation to Close within seven (7) days of NDOC's compliance with the terms set forth in paragraphs II(A)-II(C). This will terminate all claims raised in the Matter. However, the Stipulation to Dismiss must be filed no later than sixty (60) days following the signing of this agreement by all Parties, or, alternatively, if the terms of the Settlement set forth in paragraphs II(A)-(C) have not been completed within sixty (60) days, NDOC's counsel will file a Status Report with the Court in lieu of the Stipulation to Close. The Status Report shall inform the Court of the following:

   (a) The status of compliance pertaining to all terms set forth in paragraphs II(A)-(C) including informing the Court which terms have been completed, and for the terms not yet completed, explaining why they have not yet been completed and providing a good faith estimate as to when NDOC will complete remaining terms;

4. Once NDOC fully complies with all outstanding Settlement terms set forth in the Status Report(s), NDOC will file a Notice of Compliance with Settlement Agreement. Unless the Court orders otherwise, NDOC will file the signed Stipulation to Close no earlier than fourteen (14) days after filing the Notice of Compliance.

5. Plaintiff will have seven (7) calendar days to file any objection to NDOC's Notice of Compliance. Should an objection be filed, NDOC will not file the signed Stipulation to Close until the Court resolves the objection or otherwise authorizes NDOC to file the Stipulation to Dismiss.

E. Plaintiff is represented in this Matter by counsel: CAIR LEGAL DEFENSE FUND ("Plaintiff's counsel"). Plaintiff and Plaintiff's counsel have separately negotiated and agreed upon an apportionment of the Settlement Amount. NDOC will disburse the Settlement Amount as

Settlement Agreement In the Matter of
Said Elmajzoub v. Scott Davis, et al.
Case No. 3:19-cv-00196-MMD-CSD
Page 4 of 5

instructed by Plaintiff and Plaintiff's counsel. The following apportionment of the Settlement Amount is reported to fulfill the Parties' obligations under NRS 41.0375(1)(b):

1. $2,160.46 to be deposited into Plaintiff's NDOC Trust 2 account, inclusive of the amount listed in paragraph II(B).

2. $83,580.20 in attorney's fees to be disbursed directly to counsel at CAIR Legal Defense Fund, to be mailed to 453 New Jersey Avenue SE, Washington, DC, 20003.

3. $9,259.34 in costs to be disbursed directly to counsel at CAIR Legal Defense Fund, to be mailed to 453 New Jersey Avenue SE, Washington, DC, 20003.

F. This Agreement represents a mutual release of all claims related to or arising out of this Matter, or any facts pertinent to or underlying this Matter. This Agreement hereby releases and forever discharges the NDOC and its past, present, or future officers, directors, attorneys, employees, divisions, predecessors, and successors in interest, administrators and assigns and all other persons, with whom any of the former have been, are now or may hereafter be affiliated, of and from any and all liability, known or unknown, relating to the disputes in the above-listed action, apart from their obligations under the Permanent Injunction. Plaintiff and NDOC understand they are entering into a comprehensive settlement that is meant to represent a complete release of all claims related to the Matter, apart from the remaining Permanent Injunction.

G. Plaintiff understands the Dismissal of this Matter applies to: (a) all claims that were or could have been raised; and (b) all Defendants that were or could have been named in the Matter, whether those Defendants are current or former employees of the State of Nevada or NDOC.

H. Plaintiff understands that he is not entitled to any other payments, including but not limited to attorney fees and costs, filing fees, copy costs or postage.

I. This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada. Should any court declare or determine any provision of this Agreement to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby. Said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The Parties acknowledge that the Agreement has been drafted by both Parties and therefore any ambiguity in the Agreement will not be construed in favor of or against either Party.

///

Settlement Agreement In the Matter of
Said Elmajzoub v. Scott Davis, et al.
Case No. 3:19-cv-00196-MMD-CSD
Page 5 of 5

J. Plaintiff and NDOC understand that the Court retains jurisdiction over the Matter for purposes of enforcing this Settlement Agreement until the Stipulation to Close is granted, and the Permanent Injunction thereafter. Upon dismissal of this Matter, the Court will no longer have jurisdiction over this case, except to the extent motions are filed pertaining to the Permanent Injunction Order.

K. This Agreement may be executed in counterparts.

**IN WITNESS WHEREOF**, and intending to be legally bound, each of the Parties has executed this Agreement as of the date(s) set forth below.

**PLAINTIFF**

By: _____

Name: SAID ELMAJZOUB

Dated: 3.11.24

**NEVADA DEPARTMENT OF CORRECTIONS**

By: _____

Name: JAMES E. DZURENDA

Title: DIRECTOR

Dated: _____

137357388.1